**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Robert Michael Kuecken,

Petitioner, Case No. 25-cv-14196

v.

Judith E. Levy
United States District Judge

James Schiebner,

Mag. Judge Curtis Ivy, Jr.

Respondent.

________________________________/

**ORDER DENYING PETITIONER'S**
**MOTION TO STAY PROCEEDINGS [5]**

Petitioner Robert Michael Kuecken, a state inmate who is in the custody of the Michigan Department of Corrections, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In 2022, he was convicted of one count of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), 2(b), and one count of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a), 2(b), in Oakland Circuit Court. (ECF No. 1, PageID.1.) In his petition, he raises claims that the jury improperly viewed a video interview in which he was wearing jail clothing and that trial counsel rendered ineffective assistance. (*Id*. at PageID.5.)

The matter is before the Court on Petitioner's motion to stay proceedings and hold the habeas petition in abeyance so he can raise an unexhausted claim concerning his trial counsel's preparation and the efficacy of trial counsel's cross-examination of the victim. (ECF No. 3.) Respondent James Schiebner has not opposed the motion. For the reasons stated below the motion is DENIED.

## I. Background

Following his conviction and sentencing, Petitioner filed an appeal of right. The Michigan Court of Appeals affirmed his conviction in an unpublished decision. *People v. Kuecken*, No. 364056, 2024 WL 4762853 (Mich. Ct. App. Nov. 12, 2024). Petitioner filed an application for leave to appeal, which was denied by the Michigan Supreme Court on March 28, 2025. *People v. Kuecken*, No. 167981, 18 N.W.3d 291 (March 28, 2025). Petitioner then filed his habeas petition, which he signed and dated on December 22, 2025. (ECF No. 1.)

## II. Discussion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("State prisoners must give the state

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Mammone v. Jenkins*, 49 F.4th 1026, 1046–47 (6th Cir. 2022). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims at each level of the state court system. *Randolph v. Macauley*, 155 F.4th 859, 864 (6th Cir. 2025). The claims must also be presented to the state courts as federal constitutional issues. *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017) (explaining that a petitioner must present a claim in state court in a manner that alerts the state court to its federal nature). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134–35 (1987). The burden is on the petitioner to prove exhaustion. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to

federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 275–76 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277–78.

Petitioner has not demonstrated his need for a stay. His current habeas claims are exhausted, and he fails to show that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal. *See Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires" (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003))). The Michigan Supreme Court denied Petitioner leave to appeal on March 28, 2025, *People v. Kuecken*, 18 N.W.3d 291 (Mich. 2025), and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later on June 26, 2025. The one-year limitations period began to run the

following day, June 27, 2025. *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (holding that last day on which a petitioner can file a petition for a writ of certiorari is not counted toward the one-year limitations period). Petitioner dated his federal habeas petition on December 22, 2025. Consequently, 178 days of the one-year period had run when he commenced this action.

While the time during which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), that period may be equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088–89 (E.D. Mich. 2004). In addition, the limitations period is statutorily tolled while any properly filed post-conviction or collateral proceeding is pending. *See* 28 U.S.C. § 2244(d)(2). Here, over six months remain in the one-year limitations period, and Petitioner already initiated state post-conviction review by filing a motion for relief from judgment on March 11, 2026. (ECF No. 8-21.) Accordingly, Petitioner has ample time to exhaust his additional claims in state courts, and a stay is

not warranted.

### III. Conclusion

For the reasons set forth above, the Court denies Petitioner's motion. Petitioner may move for a non-prejudicial dismissal of this case by **August 28, 2026**, so that he may pursue state-court collateral review. If this case is dismissed, Petitioner may file another petition after exhaustion of his new claim in state court. If Petitioner does not move for dismissal of this case without prejudice by **August 28, 2026**, the Court will proceed on the claims contained in the pending petition.

IT IS SO ORDERED.

Dated: August 5, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager